ACCEPTED
01-14-01020-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/12/2015 1:51:45 PM
CHRISTOPHER PRINE
CLERK

NO. 01-14-01020-CR

IN THE FIRST COURT OF APPEALS

HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

6/12/2015 1:51:45 PM

CHRISTOPHER A. PRINE
Clerk

*SIMMIE JAMES COLSON III*

*APPELLANT,*

**V.**

THE STATE OF TEXAS

*APPELLEE.*

## MOTION TO REMAND THIS CASE TO THE TRIAL COURT TO CONDUCT AN EVIDENTIARY HEARING TO CREATE A RECORD TO RAISE THE ISSUE OF INEFFECTIVE ASSISTANCE OF COUNSEL ON DIRECT APPEAL

APPEAL FROM THE 185TH JUDICIAL
DISTRICT COURT OF HARRIS COUNTY, TEXAS

DIOGU KALU DIOGU II, LL.M.
DIOGU LAW FIRM
P. O. BOX 994
FULSHEAR, TEXAS 77441
Diogu.diogu.law.firm@gmail.com
Phone (713) 791 3225
Fax      (832) 408 7611

**APPELLANT SIMMIE JAMES COLSON III
MOTION TO REMAND THIS CASE TO THE TRIAL COURT TO CONDUCT AN EVIDENTIARY
HEARING TO CREATE A RECORD TO RAISE THE ISSUE OF <u>INEFFECTIVE ASSISTANCE OF
COUNSEL ON DIRECT APPEAL</u>**

*TO THE HONORABLE JUDGE OF THE SAID COURT:*

**COMES NOW. APPELLANT SIMMIE JAMES COLSON III**, through undersigned

counsel, respectfully urges the Court to remand this appeal to the District Court to

enable the Appellant develop appellate record to raise material fact on issues relating to

ineffective assistance of Counsels through an evidentiary hearing and the show the

Court the following:

**I
<u>INTRODUCTION</u>**

On or about June 08th, 2015, the Appellant employed the services of the

undersigned attorney and requested among that among other things that he amend the

appellant's Brief to include issues relating to ineffective assistance of counsel.

In doing so he stated that the initial lawyer he hired Attorney Maverick Ray, told

him that he had spoken with the probation department, as well as the district attorney

and judge and they were going to throw this case out based on length time since

offense occurred as well as what he has been doing for the community, that after

turning himself in Attorney Ray's story changed. And that when they appeared before

the court instead of the case being thrown out, the Appellant was offered six months jail

time by Judge Susan Brown who presided over the case in Court 185th District Court of Harris County, Texas.

He also stated that thereafter he hired Attorney Overstreet, who he claimed based on his presentation before Judge Brown angered the Judge so much that the Judge raised the six Jail time she had previously offered him to seven months.

Clearly, the record on appeal is void of any material facts relating to and including the allegation he made in this motion that formed and will form the basis to raise ineffective Assistance of Counsel in direct Appeal.

To fill that void, the Appellant asks the Court to remand the case to the 185th Judicial District court of Harris County solely to enable him develop the required record in an evidentiary hearing.

## II
## INEFFECTIVE ASSISTANCE OF COUNSEL

Although the constitutional right to counsel ensures the right to reasonably effective counsel, it does not guarantee errorless counsel whose competency or accuracy of representation is to be judged by hindsight. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003). To prove ineffective assistance of counsel, Colson must show that (1) her first counsel's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's error, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005); *Jaynes v. State*,

3

216 S.W.3d 839, 851 (Tex. App.–Corpus Christi 2006, no pet.). A failure to make a showing under either prong of the *Strickland* standard defeats a claim of ineffective assistance of counsel. *Rylander*, 101 S.W.3d at 110-11.

Appellant must prove his claim of ineffective assistance of counsel by a preponderance of the evidence. *Stafford v. State*, 813 S.W.2d 503, 506 n.1 (Tex. Crim. App. 1991). Courts' review of defense counsel's representation is highly deferential, and the Courts normally presume that Trial Counsel's actions fell within the wide range of reasonable and professional assistance. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Courts will not second-guess legitimate tactical decisions made by trial counsel. *State v. Morales*, 253 S.W.3d 686, 696 (Tex. Crim. App. 2008). Allegations of ineffective assistance of counsel must be firmly founded in the record. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). The record must sufficiently demonstrate that the acts or omissions of counsel were not the product of strategic decisions; if the record is silent as to any explanation for counsel's actions, a reviewing court will find that the defendant has failed to overcome the strong presumption of reasonable assistance "unless the challenged conduct was so outrageous that no competent attorney would have engaged in it." *Morales*, 253 S.W.3d at 696-97 (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)); *see Thompson*, 9 S.W.3d at 814; *Jaynes*, 216 S.W.3d at 851.

These demanding standards are virtually impossible to meet when no proper evidentiary record was developed at the hearing on a motion adjudicate guilt and revoke his community supervision." *Chavero v. State*, 36 S.W.3d 688, 701 (Tex. App.– Corpus Christi 2001, no pet.). See also, *Trevino v. Thaler,* ___ U.S. ___, 133 S. Ct. 1911 (2013), and *Martinez v. Ryan,* ___ U.S. ___, 132 S. Ct. 1309 (2012),

The *Martinez* recognized a limited exception to procedural default. *See Martinez,* 132 S. Ct. at 1318-1319, 1320-1321. In *Trevino,* the United States Supreme Court held that *Martinez,* applies in Texas because "the Texas procedural system—as a matter of its structure, design, and operation—does not offer most defendants a meaningful opportunity to present a claim of ineffective assistance of trial counsel on direct appeal." 133 S. Ct. 1911, 1921.

All facts recited in this motion are within the personal knowledge of the counsel signing this motion, therefore no verification is necessary under Rule of Appellate Procedure 10.2.

## CONCLUSION AND PRAYER

For the reasons set forth above, Appellant respectfully urges this Court to remand the case to the trial Court and allow him to fully develop the factual claims that supports his claim of ineffective assistance of Counsel which was not raised in his brief because the lawyers who filed the brief may have had a conflict of interest and as such did not raise the issue on direct appeal.

As such the Appellant requests that an evidentiary hearing be scheduled to resolve factual issues and develop a record to enable this court to properly review the issues of ineffective assistance of his trial counsels on Appeal.

Respectfully submitted,

**DIOGU LAW FIRM**
**P. O. Box 994**
**Fulshear, Texas 77441**
**Tel: (713) 791 3225**
**Fax: (832) 408-7611**

**By:***/S/ Diogu Kalu Diogu II, LL.M*
    **Diogu Kalu Diogu II, LL.M.**
    **State Bar No. 24000340**
    **diogu.diogu.law.firm@gmail.com**
    **Attorney for Appellant**

## CERTIFICATE OF SERVICE

I certify that a true copy of the request for evidentiary hearing was served on the Harris County District Attorney in accordance with the Texas Rules of Appellant Procedure on June 12th 2015 by fax.

**By:***/S/ Diogu Kalu Diogu II, LL.M*
    **Diogu Kalu Diogu II, LL.M.**
    **State Bar No. 24000340**
    **diogu.diogu.law.firm@gmail.com**
    **Attorney for Appellant**